J. L. BLACKWELL v. J. A. CLAYWELL and others.

Where one of the members of a co-partnership is adjudicated a bankrupt, the co-partnership is thereby dissolved; and the statute of limitations begins to run against any purchaser of a chose in action at the sale by the assignee, from the date of such adjudication.

CASE AGREED, heard before CLOUD, J., at Fall Term, 1875, of YADKIN Superior Court.

The following are the facts: James A. Claywell, James L. Blackwell and William Masten entered into partnership for the purpose of merchandizing in the town of Wilkesboro' in 1853, for the term of three years. They continued in business only two years, when they ceased to transact business under the written articles of co-partnership. There has never been any final settlement between the parties.

In 1868, the plaintiff filed his petition in bankruptcy and was duly adjudged a bankrupt, and Anderson Poindexter was appointed his assignee in bankruptcy. The plaintiff

received his discharge in bankruptcy in 1869. That the claim upon which this suit is based, was filed by the plaintiff in the schedule of credits accompanying his application. Said claim was duly received and regularly assigned by R. H. Broadfield, Register in Bankruptcy, to said assignee. That said assignee, in 1870, sold all of the assets of all kinds, including the claim upon which this action is brought, and the plaintiff became the purchaser.

This action was commenced on the 2nd day of September, 1874.

The defendant, Claywell, pleads the Statute of Limitations in bar of the plaintiff's demand.

It is agreed that if the Court shall be of the opinion that the action is not barred by the Statute of Limitations, that the case shall be referred and an account taken ; that if the Court should hold otherwise, judgment is to be rendered against the plaintiff for cost.

His Honor being of opinion that the action was not barred by the Statute of Limitations, rendered judgment according to the case agreed, and thereupon the defendants appealed.

*J. G. Bynum*, for the appellants.
*Clement* and *McCorkle*, contra.

BYNUM, J. It is not denied that the partnership was dissolved by the plaintiff's being adjudicated a bankrupt. It is also clear that the Statute of Limitations began to run from that date against any purchaser of the choses in action of the bankrupt at the sale by the assignee. It can make no difference whether such purchaser be a stranger or the bankrupt himself, as the latter, after the dissolution and adjudication, as a purchaser of the effects, stands upon the same footing as a stranger.

It is unnecessary to consider whether the limitation of three years, prescribed by Bat. Rev., chap. 17, sec. 34, or the

limitation of two years, prescribed by the Bankrupt Act, applies; for, according to either, the action is barred.

But as the plaintiff, in effect, admitted in this Court that he could not recover, nothing more need be said.

There is error. Judgment reversed, and case dismissed at the cost of plaintiff, according to the case agreed.

PER CURIAM.                              Judgment reversed.